JUDGE ROBERT S. LASNIK

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| WASHINGTON TOXICS COALITION and PEOPLE FOR PUGET SOUND, non-profit corporations,<br><br>                  Plaintiffs,<br><br>    v.<br><br>VALORIA H. LOVELAND, in her capacity as the Director of the Washington State Department of Agriculture; and the WASHINGTON STATE DEPARTMENT OF AGRICULTURE, an agency of the State of Washington,<br><br>                  Defendants. | NO.CV04-2040 RSL<br><br><br>CONSENT DECREE |

## I.    RECITALS

WHEREAS the Washington State Department of Ecology (hereinafter "WSDOE") issued coverage under an Aquatic Noxious Weed Control National Pollutant Discharge Elimination System Waste Discharge General Permit (hereinafter "the General Permit") to the Washington State Department of Agriculture (hereinafter "WSDA") on May 15, 2002;

WHEREAS the purpose of the General Permit is to regulate the application of aquatic herbicides for the control of noxious and quarantine weeds in compliance with section 402 of

ATTORNEY GENERAL OF WASHINGTON<br>Agriculture & Health Division<br>2425 Bristol Court SW<br>PO Box 40109<br>Olympia, WA 98504-0109<br>(360) 586-6500

the Clean Water Act (33 U.S.C. § 1342), and Washington state laws implementing the Clean Water Act (chapter 90.48 RCW; chapter 173-226 WAC);

WHEREAS the General Permit by its terms covers all noxious and quarantine weed control activities that discharge herbicides directly into surface waters anywhere in the state of Washington.

WHEREAS WSDOE issued coverage under the General Permit to WSDA intending that WSDA extend "umbrella coverage" for cooperators undertaking herbicide treatments to control noxious and quarantine weeds;

WHEREAS WSDA administered the General Permit consistent with WSDOE's intent, conducted all planning and monitoring activities required under the General Permit and has submitted all reports required under the General Permit;

WHEREAS the Washington Toxics Coalition and People for Puget Sound (hereinafter "the Plaintiffs"), in July 2004, filed notices of intent to sue WSDA under the citizen suit provision of the Clean Water Act, 33 U.S.C. § 1365;

WHEREAS the Plaintiffs filed a complaint against WSDA and its Director on September 28, 2004, alleging repeated and ongoing violations of Sections 301(a) and 402 of the Clean Water Act (33 U.S.C. §§ 1311(a) and 1342), and the terms and conditions of the General Permit;

WHEREAS WSDA and its Director filed an answer on October 28, 2004, contesting the Plaintiffs' allegations;

WHEREAS the Plaintiffs and WSDA have engaged in ongoing settlement discussions over the course of several months;

WHEREAS WSDA, without admitting any violations of the Clean Water Act or state law, has agreed to certain changes in its interpretation and administration of the General Permit, as set forth in this Decree;

CONSENT DECREE - 2
CASE NO. CV04-2040 RSL

ATTORNEY GENERAL OF WASHINGTON
Agriculture & Health Division
2425 Bristol Court SW
PO Box 40109
Olympia, WA 98504-0109
(360) 586-6500

WHEREAS WSDOE has agreed to undertake certain actions to develop a new NPDES general permit covering the use of herbicides to control or eradicate noxious and quarantine weeds in lakes, and has already begun those actions;

WHEREAS WSDA has agreed to pay reasonable attorney's fees and costs to the Plaintiffs in the amount set forth in this Decree;

WHEREAS the parties now agree that settlement of this matter is in the public interest and in the best interests of the parties and that entry of this Consent Decree without litigation is the most appropriate means of resolving this matter and avoiding protracted litigation costs and expenses;

WHEREAS the parties, by their respective attorneys, consent to the entry of this Decree without trial or adjudication of any issue of fact or law by any party, other than subsequent enforcement of this Consent Decree;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

## II.    JURISDICTION AND VENUE

1.      This Court has jurisdiction under section 505(a) of the Clean Water Act (33 U.S.C. § 1365(a)).

2.      Venue is proper in the Western District of Washington under 33 U.S.C. § 1365(c).

## III.    APPLICABILITY OF DECREE

3.      The provisions of this Decree shall apply to and be binding on all parties and on their agents, officers, directors, trustees, employees, successors, assigns, and all persons, firms, and corporations acting under the control or direction of a party.  A change in the organizational form or status of a party shall have no effect on that party's obligations under this Decree.

ATTORNEY GENERAL OF WASHINGTON
Agriculture & Health Division
2425 Bristol Court SW
PO Box 40109
Olympia, WA 98504-0109
(360) 586-6500

## IV.   DEFINITIONS

4.      The following definitions apply in this Consent Decree:

A.      "Date of this Consent Decree" means the date that a final Consent Decree is entered by the Court.

B.      "General Permit" means the Aquatic Noxious Weed Control National Pollutant Discharge Elimination System Waste Discharge General Permit; WSDA's coverage under the General Permit was authorized by the Washington State Department of Ecology on May 15, 2002.

C.      "WSDA" means the Washington State Department of Agriculture and the Director of that agency.

D.      "WSDOE" means the Washington State Department of Ecology.

E.      "Noxious weeds," as defined in the General Permit, means "those species of plants listed as noxious Classes A, B, and C by the Washington State Noxious Weed Control Board in accordance with 17.10 RCW."

F.      "Quarantine weeds," as that term is used in the General Permit, means those species included on the "quarantine list [that] is maintained by the Washington State Department of Agriculture (WSDA) in accordance with 17.24 RCW."

G.      "Applicant" means a county noxious weed control board established under chapter 17.10 RCW, or any other government agency or officer authorized by law to carry out activities to control or eradicate noxious weeds or quarantine weeds. "Applicant" also means a non-governmental entity, which may include a commercial pesticide applicator, that is planning to carry out activities to control or eradicate noxious weeds or quarantine weeds in cooperation with or as part of a specific program that is coordinated, operated, or funded by WSDA.

H.      "Existing noxious weed control program" means a program to control and/or eradicate noxious weeds and/or quarantine weeds that was authorized by law

ATTORNEY GENERAL OF WASHINGTON
Agriculture & Health Division
2425 Bristol Court SW
PO Box 40109
Olympia, WA 98504-0109
(360) 586-6500

and in effect on the date the General Permit was issued by WSDOE.  A program continues to be an "existing noxious weed control program" even though it may receive new authorities and duties over time related to the control and/or eradication of noxious weeds or quarantine weeds.  A program does not lose its status as an "existing noxious weed control program" because of the program's periodic inactivity, so long as the program itself remains in existence and the legal authority for the program continues.

I.      "Extension of coverage" or "extending coverage" or any variant of these phrases means a contractual relationship between WSDA and an Applicant, under which the Applicant becomes WSDA's contractual agent for the sole purpose of acting under the General Permit for noxious or quarantine weed control and/or eradication activities specified in the contract in exchange for agreeing to be bound by applicable terms and conditions in the General Permit.  The phrases do not mean or imply that WSDA is issuing a permit to an Applicant.

**V.      INTERPRETATION OF THE GENERAL PERMIT**

5.      WSDA may continue to operate and coordinate programs to control or eradicate quarantine weeds and introduced *Spartina* species, knotweed, purple loosestrife, and other noxious weeds for which WSDA has statutory authority or funding.  WSDA may contract with local weed boards and other governmental entities with existing noxious weed control programs to undertake activities involving the use of herbicides to control or eradicate these species.  WSDA also may contract with other Applicants, including commercial pesticide applicators, who are undertaking activities involving the use of herbicides to control or eradicate these species in cooperation with or as part of a specific program that is coordinated, operated, or funded by WSDA.  WSDA shall not contract with commercial pesticide applicators or with non-governmental organizations that are not acting

ATTORNEY GENERAL OF WASHINGTON
Agriculture & Health Division
2425 Bristol Court SW
PO Box 40109
Olympia, WA 98504-0109
(360) 586-6500

in cooperation with or as part of a specific program that is coordinated, operated, or funded by WSDA.

6.      WSDA may contract with local weed boards and other governmental entities with existing noxious weed control programs to undertake or arrange for activities involving the use of herbicides to control or eradicate noxious weeds or quarantine weeds within the jurisdiction of the local weed board or other governmental entity, even though the particular control or eradication program is not coordinated, operated, or funded by WSDA.  WSDA shall not contract with commercial pesticide applicators or with private organizations to undertake activities involving the use of herbicides to control or eradicate noxious weeds or quarantine weeds, except as provided in paragraph 5 of this Decree.  However, nothing in this Consent Decree shall be construed to prevent local weed boards and other governmental entities with whom WSDA contracts under this paragraph from separately contracting with commercial pesticide applicators to carry out activities to control noxious weeds or quarantine weeds authorized under the contract between WSDA and the governmental entity.

7.      Each contract WSDA enters into under paragraph 5 or paragraph 6 of this Decree shall provide that the Applicant is made an agent of WSDA for the purpose of ensuring compliance with the requirements of the General Permit and with applicable state and federal laws; PROVIDED, however, that the agency relationship shall not extend beyond that purpose as set forth in the contracting document(s) unless specifically negotiated and agreed to by WSDA.  If a qualified Applicant accepts this agency relationship and agrees to assume specific obligations to ensure compliance with the requirements of the General Permit and with applicable state and federal laws, and if WSDA determines the activities to control or eradicate noxious weeds or quarantine weeds proposed by the Applicant fall within the coverage of the General Permit, WSDA may extend coverage under the General Permit to those activities.

ATTORNEY GENERAL OF WASHINGTON
Agriculture & Health Division
2425 Bristol Court SW
PO Box 40109
Olympia, WA 98504-0109
(360) 586-6500

8.      As the permittee under the General Permit, WSDA shall comply fully with all applicable terms and conditions of the General Permit.  Nothing in this Consent Decree shall be construed to relieve WSDA of any obligation under the General Permit.

9.      In each instance in which WSDA contractually extends its coverage under the General Permit to an Applicant proposing activities to control or eradicate noxious weeds or quarantine weeds, WSDA shall include provisions designed to ensure that its agents thus created comply with the terms and conditions of the General Permit.

10.     Each contract extending coverage under the General Permit may provide such coverage only for one growing season.  No such contract may extend coverage beyond December 31 of the year in which the contracting document(s) were agreed to and signed.

11.     Each contract extending coverage under the General Permit shall require the Applicant to enter into the following specific agreements as a condition that must be accepted before WSDA may contractually extend coverage to the activities proposed by the Applicant:

A.      An Applicant must agree specifically to comply with all provisions in Section S1 of the General Permit, including all specific limitations for lakes.  In addition, an Applicant treating aquatic noxious weeds in a lake must specifically agree that, if it is notified by WSDA or otherwise learns that the waterbody to be treated contains a rare or endangered plant species, the Applicant will consult with the Washington Department of Natural Resources prior to treatment to minimize or avoid negative impacts on rare or endangered plants and provide written confirmation to WSDA that it has so consulted.

B.      An Applicant must agree specifically to comply with the monitoring requirements in Sections S2 and S3 of the General Permit, as appropriate.

C.      The Applicant must specifically agree to provide the following information to WSDA for each treatment that occurs within seven working days of completing the treatment:

CONSENT DECREE - 7
CASE NO. CV04-2040 RSL

ATTORNEY GENERAL OF WASHINGTON
Agriculture & Health Division
2425 Bristol Court SW
PO Box 40109
Olympia, WA 98504-0109
(360) 586-6500

(1)     The common name of the waterbody that was treated.

(2)     The Water Resource Inventory Area (WRIA) number for the waterbody that was treated.

(3)     The species name of the target weed(s).

(4)     The name of the herbicide or herbicides that were to be used and the EPA registration number for each herbicide.

(5)     The actual amount of herbicide (gallons or pounds) used to treat the target weeds at that waterbody.

(6)     The actual date(s) on which treatment was made.

(7)     The actual number of acres that were treated.

Where a waterbody is being treated comprehensively over the course of a season, WSDA may require periodic reporting of the information required in this subparagraph, on a weekly or monthly basis as appropriate.

D.     An Applicant who is not a part of the annual monitoring plan (described as Option 1 is Section S2.A of the General Permit) must agree specifically to maintain records of all information required in Section S3.D of the General Permit for at least five years.

E.     An Applicant must specifically agree to immediately notify WSDA and to immediately stop, contain, and clean up any unauthorized discharge or other activity that violates any of the terms, conditions, and requirements in the General Permit or in the contract between WSDA and the Applicant.

F.     An Applicant must specifically agree that all treatment activities will be consistent with the applicable integrated pest management plan or the applicable integrated aquatic vegetation management plan.  An Applicant also must specifically agree to provide copies of any and all such plans to each commercial pesticide applicator acting on the Applicant's behalf to control aquatic noxious and quarantine

ATTORNEY GENERAL OF WASHINGTON
Agriculture & Health Division
2425 Bristol Court SW
PO Box 40109
Olympia, WA 98504-0109
(360) 586-6500

weeds in Washington before treatment begins, and to provide copies of such plans to WSDA if requested by WSDA.

G.     An Applicant must specifically agree that all treatments shall comply with all pesticide label instructions, all applicable conditions imposed in the General Permit, and all applicable state and federal laws, and with all terms, conditions, and requirements imposed in the contract extending coverage under the General Permit.

H.     An Applicant proposing to treat *Spartina* must specifically agree to comply with the requirements imposed in Section S6.A.1 through S6.A.8 of the General Permit.

I.     An Applicant proposing to treat aquatic noxious or quarantine weeds in a lake must specifically agree to comply with the requirements imposed in Section S6.B of the General Permit.

J.     An Applicant proposing to treat *Spartina* must specifically agree to cooperate with WSDA in complying with the notice requirements in Sections P1.A, P2, and P3.A of the General Permit.  All other Applicants must specifically agree to provide notice to affected residences and businesses in compliance with all applicable terms, conditions, and requirements in Sections P1.B and P1.C of the General Permit, and to post notice in compliance with Sections P3.B and P3.C of the General Permit.

K.     An Applicant must specifically agree to ensure that all facilities or systems of control are operated properly to achieve compliance with the terms, conditions, and requirements of this Application for Coverage and of the General Permit, as required in Section G2 of the General Permit.

L.     An Applicant must specifically agree to allow authorized representatives of WSDA, upon presenting proper identification, to enter any property under the control of the Applicant, or under the control of any person or entity acting

ATTORNEY GENERAL OF WASHINGTON
Agriculture & Health Division
2425 Bristol Court SW
PO Box 40109
Olympia, WA 98504-0109
(360) 586-6500

on the Applicant's behalf to control or eradicate aquatic noxious or quarantine weeds in Washington, at reasonable times for the following purposes:

        (1)    To conduct any sampling, inspection, or monitoring required under the General Permit or the contract extending coverage under the General Permit;

        (2)    To gain access to and make copies of any records required to be kept under the General Permit or the contract extending coverage under the General Permit.

12.    Each contract extending coverage under the General Permit shall require the Applicant to enter into a new contract with WSDA if there is any change in the identity of the Applicant, location of treatment, target weed(s), or herbicide(s) used, or an increase above the herbicide amount(s) listed in an existing contract extending coverage under the General Permit.

13.    WSDA may unilaterally revoke a contract extending coverage under the General Permit if WSDA reasonably finds any of the following:

        A.    That the Applicant, or a person or entity acting on the Applicant's behalf to control or eradicate aquatic noxious or quarantine weeds in Washington, has violated a term, condition, or requirement of the General Permit or the contract extending coverage under the General Permit.

        B.    That the contract extending coverage under the General Permit was obtained by misrepresentation or a failure to disclose fully all relevant facts to WSDA.

        C.    That the Applicant, or a person or entity acting on the Applicant's behalf to control or eradicate aquatic noxious or quarantine weeds in Washington, has refused or failed to allow reasonable entry for the purposes specified in paragraph 10.M, above.

CONSENT DECREE - 10
CASE NO. CV04-2040 RSL

ATTORNEY GENERAL OF WASHINGTON
Agriculture & Health Division
2425 Bristol Court SW
PO Box 40109
Olympia, WA 98504-0109
(360) 586-6500

D.      That the Applicant, or a person or entity acting on the Applicant's behalf to control or eradicate aquatic noxious or quarantine weeds in Washington, has violated applicable state or federal law.

E.      That activities described in the contract extending coverage under the General Permit are endangering human health or the environment, or significantly contribute to water quality violations.

14.    WSDA shall include any terms and conditions in a contract extending coverage under the General Permit that WSDA determines are necessary and appropriate to:

A.      Ensure that each Applicant assumes legal responsibility for complying with all the terms, conditions, and requirements in the contract and the applicable terms, conditions, and requirements in the General Permit;

B.      Ensure that the WSDA and the state of Washington are indemnified and held harmless by an Applicant for any and all liabilities arising from the Applicant's noncompliance with the terms, conditions, and requirements in the contract and the applicable terms, conditions, and requirements in the General Permit; and

C.      Ensure the legal effectiveness and enforceability of the contract.

15.    Beginning on the effective date of this Consent Decree, WSDA will not enter into any contract to extend coverage under the General Permit to any person or entity except as provided in this Consent Decree.

## VI.    PUBLIC ACCESS TO INFORMATION

16.    WSDA shall maintain a current list of persons and entities who have submitted applications to enter into contracts for the extension of coverage under the General Permit during each calendar year the General Permit is in effect.  The list shall include the following information:

CONSENT DECREE - 11
CASE NO. CV04-2040 RSL

ATTORNEY GENERAL OF WASHINGTON
Agriculture & Health Division
2425 Bristol Court SW
PO Box 40109
Olympia, WA 98504-0109
(360) 586-6500

A.     The name and address of the person or entity submitting the application.

B.     The name and address of the pesticide applicator or applicators who will be conducting the proposed treatment activities.

C.     The name of the waterbody in which the treatment is proposed.

D.     The Water Resource Inventory Area (WRIA) number for the waterbody in which the treatment is proposed.

E.     The type of noxious or quarantine weeds to be treated.

F.     The species name(s) of the noxious or quarantine weeds to be treated

G.     The name of each herbicide to be used and its EPA registration number.

H.     The amount of each herbicide (gallons or pounds) to be used.

I.     The area in acres that is proposed for treatment.

J.     The date(s) the proposed treatments will occur.

K.     A notation indicating whether WSDA responded to this application by (1) entering into a contract to extend coverage, or (2) denying the request to enter into a contract to extend coverage.

17.     As WSDA receives the information required under paragraph 11.C, above, WSDA shall add the following information to the list described in paragraph 16, above:

A.     The actual amount of each herbicide (gallons or pounds) that was used to treat the target weeds at that waterbody.

B.     The actual number of acres that were treated.

C.     The actual date(s) on which treatment was made.

18.     WSDA shall ensure that the list described in paragraphs 16 and 17 of this Consent Decree is publicly available and readily accessible to the public.  WSDA may satisfy this requirement by maintaining a current electronic copy of the list on its Internet site.  If

ATTORNEY GENERAL OF WASHINGTON
Agriculture & Health Division
2425 Bristol Court SW
PO Box 40109
Olympia, WA 98504-0109
(360) 586-6500

WSDA elects not to maintain a current electronic copy of the list on its Internet site, it must send an electronic or paper copy of the list upon request within two working days of receiving the request.

19.     WSDA shall send to any person, upon request and within five working days of receiving a request, a copy of any monitoring results received or obtained for any treatment performed during the current treatment season.  Once the report required under Section S3A of the General Permit is submitted to WSDOE, the monitoring results shall be available in accordance with chapter 42.17 RCW and any other applicable state law.

20.     WSDA shall provide a copy of the contract documents for any application to any person requesting such a copy as quickly as possible, consistent with the Washington Public Disclosure Act, chapter 42.17 RCW.

## VII.    DOCUMENTATION

21.     WSDA shall forward to the Plaintiffs copies of all documents transmitted between WSDA and WSDOE that relate to WSDA's compliance with the requirements of the General Permit, and copies of written findings made by or transmitted to the Pest Program of WSDA under paragraph 13 of this Consent Decree, from the effective date of this Consent Decree until its termination.   Copies of such documents shall be forwarded to the Plaintiffs by the fifteenth day of the month following the calendar quarter in which they are transmitted to WSDOE.  All copies of documents to be forwarded to the Plaintiffs under this Consent Decree shall be sent by first class mail to Washington Toxics Coalition, Attn:  Erika Schreder, 4649 Sunnyside Ave. N., Suite 540, Seattle, WA 98103.

## VIII.   MUTUAL COOPERATION

22.     As part of the settlement that forms the basis of this Consent Decree, the parties agree to continue to cooperate with each other in resolving any problems that may arise, and to maintain good faith efforts to fully achieve all elements of this Consent Decree. As part of this good faith effort, the parties agree as follows:

CONSENT DECREE - 13
CASE NO. CV04-2040 RSL

ATTORNEY GENERAL OF WASHINGTON
Agriculture & Health Division
2425 Bristol Court SW
PO Box 40109
Olympia, WA 98504-0109
(360) 586-6500

A.      Before pressing any other legal claim against WSDA arising from the General Permit or this Consent Decree, the Plaintiffs agree to notify WSDA of any apparent violations of the General Permit, of any contract extending coverage under the General Permit, or of this Consent Decree and to give WSDA a reasonable opportunity to correct any such violation.

B.      WSDA agrees to work diligently to ensure compliance with the General Permit by enforcing each contract extending coverage under the General Permit, by complying in good faith with all provisions of the General Permit and this Consent Decree, and by timely responding to any alleged violations noted by the Plaintiffs.

C.      The Plaintiffs agree to participate in WSDOE's development and issuance of a new NPDES general permit covering the use of herbicides to control or eradicate noxious and quarantine weeds in lakes to the extent permitted by law.

D.      WSDA agrees to continue its active support for WSDOE's development and issuance of a new NPDES general permit covering the use of herbicides to control or eradicate noxious and quarantine weeds in lakes.

E.      The parties agree to advocate for and otherwise support timely renewal of this General Permit according to the schedule set by WSDOE.

23.      If for any reason, the Court should decline to approve this Consent Decree in the form presented, this Consent Decree and the settlement embodied herein shall be voidable at the sole discretion of either party.  The parties agree to continue negotiations in good faith in an attempt to cure any objection raised by the Court to the entry of this Consent Decree.

### IX.      COMPLIANCE WITH OTHER LAWS

24.      This Consent Decree is not a permit and does not confer any authority on WSDA that is not otherwise granted in law or authorized by the General Permit.

ATTORNEY GENERAL OF WASHINGTON
Agriculture & Health Division
2425 Bristol Court SW
PO Box 40109
Olympia, WA 98504-0109
(360) 586-6500

25.     This Consent Decree shall not be construed as modifying the General Permit, nor shall it be construed as relieving WSDA from its obligations under any applicable federal or state law.

## X.     EFFECT OF CONSENT DECREE

26.     The parties agree that this Consent Decree resolves all legal disputes at issue in this matter.

27.     Each party reserves all legal and equitable remedies available to enforce the provisions of this Consent Decree.

28.     This Consent Decree is determined to be in the public interest.

## XI.     MODIFICATION OF CONSENT DECREE

29.     This Consent Decree may be modified only upon written consent of the parties and the approval of the Court.

## XII.     EFFECTIVE DATE OF CONSENT DECREE

30.     This Consent Decree shall take effect on the date it is entered by the Court.

31.     The parties recognize that no consent judgment can be entered in a Clean Water Act suit in which the United States is not a party prior to forty-five (45) days following the receipt of a copy of the proposed consent judgment by the U.S. Attorney General and the Administrator of the U.S. Environmental Protection Agency pursuant to 33 U.S.C. § 1365(c)(3).   Therefore, upon the signing of this Consent Decree by the parties, Plaintiffs shall serve copies of the Consent Decree upon the U.S. Attorney General and the Administrator of the U.S. Environmental Protection Agency.

## XIII.   TERMINATION OF CONSENT DECREE

32.     The parties intend that this Consent Decree terminate on the date WSDOE issues one or more new National Pollutant Discharge Elimination System Waste Discharge general permits that (1) address the control of aquatic noxious weeds and quarantine weeds; (2) replace or renew the existing Aquatic Noxious Weed Control National Pollutant

ATTORNEY GENERAL OF WASHINGTON
Agriculture & Health Division
2425 Bristol Court SW
PO Box 40109
Olympia, WA 98504-0109
(360) 586-6500

Discharge Elimination System Waste Discharge General Permit issued by the Washington State Department of Ecology to the Washington State Department of Agriculture on May 15, 2002; and (3) render the existing General Permit ineffective.  The parties shall notify the Court in the event such a replacement or renewal permit is issued.

33.    In the event such a replacement or renewal permit is not issued by WSDOE by December 31, 2008, this Consent Decree shall terminate on that date without any need for further action by the Court.  This Consent Decree shall not terminate prior to December 31, 2008, except by order of this Court.

34.    If changes in governing law warrant termination of this Consent Decree, it may be terminated by the Court, either upon its own motion or upon application by the parties.

### XIV.   DISPUTE RESOLUTION

35.    If a dispute arises between the parties regarding the implementation or interpretation of this Consent Decree, the parties shall attempt to resolve the dispute by informal negotiation.  A dispute shall be considered to have arisen when any party notifies the others in writing that there is a dispute, after which the parties shall attempt to resolve the dispute informally for a period of thirty (30) days from the date of the notice with the goal of resolving the dispute in good faith, without further proceedings.  The period for informal negotiations shall not exceed thirty (30) days unless the parties otherwise agree in writing to extend that period.

36.    If, at the end of the period provided in paragraph 35 or such other time as the partied agree to in writing, the parties' attempt to informally negotiate a resolution of a dispute is unsuccessful, any party may file a motion with the Court to obtain resolution of the dispute.  The motion shall contain a written statement of the movant's position on the matter in dispute, including any supporting factual data, analysis, opinion, or documentation, and shall set forth the relief requested and any schedule within which the dispute must be

ATTORNEY GENERAL OF WASHINGTON
Agriculture & Health Division
2425 Bristol Court SW
PO Box 40109
Olympia, WA 98504-0109
(360) 586-6500

resolved for orderly implementation of the Consent Decree. Any party may request an evidentiary hearing for good cause.

      37.     The filing of a petition asking the Court to resolve a dispute shall not of itself extend or postpone any obligation imposed by the General Permit, by a contract extending coverage under the General Permit, or by this Consent Decree.

### XV.   CIVIL PENALTIES

      38.     The parties agree that no civil penalties should be assessed against WSDA for any violations of the General Permit alleged in the Complaint filed in this matter on September 28, 2004.

### XVI.   COSTS OF SUIT

      39.     The parties agree that WSDA shall pay Plaintiffs' reasonable attorney fees and costs in the aggregate and total amount of $50,000.00 and that this payment shall constitute full and complete payment of all costs and fees incurred by Plaintiffs in this matter. This payment shall be due and payable thirty (30) days after the effective date of this Consent Decree.

### XVII.  RETENTION OF JURISDICTION

      40.     The Court shall retain jurisdiction to enforce the terms of this Consent Decree and to resolve any disputes arising hereunder until the Consent Decree has been terminated in accordance with Section XIII, above.

      41.     Nothing in this Consent Decree shall be construed to limit a party's right to seek immediate relief from the Court if that party believes such relief is warranted.

### XVIII. SEVERABILITY

      42.     The provisions of this Consent Decree shall be severable. Should any provision be declared by a court of competent jurisdiction to be unenforceable, the remaining provisions shall remain in full force and effect.

CONSENT DECREE - 17
CASE NO. CV04-2040 RSL

ATTORNEY GENERAL OF WASHINGTON
Agriculture & Health Division
2425 Bristol Court SW
PO Box 40109
Olympia, WA 98504-0109
(360) 586-6500

## XIX.   SIGNATORIES

43.     The undersigned representative of each party to this Decree certifies that he or she is fully authorized by the party he or she represents to enter into the terms and conditions of this Decree and to legally execute and bind such party to this Decree.

DATED this 29th day of June, 2005.


SMITH & LOWNEY, PLLC                    ROB McKENNA
                                        ATTORNEY GENERAL OF
                                        WASHINGTON


s/Richard A. Smith                      s/Alan D. Copsey
Richard A. Smith, WSBA No. 21788        Alan D. Copsey, WSBA No. 23305
2317 East John Street                   Jacqueline Brown Miller, WSBA No. 28130
Seattle, Washington 98112               Assistant Attorneys General
(206) 860-2883                          2425 Bristol Court SW
                                        PO Box 40109
Attorneys for Washington Toxics Coalition   Olympia, WA 98504-0109
and People for Puget Sound              (360) 664-4967

                                        Attorneys for Director Loveland and the
                                        Washington State Department of
                                        Agriculture


## ORDER

IT IS SO ORDERED.

DATED this 6th day of September, 2005.

Robert S. Lasnik
United States District Judge

ATTORNEY GENERAL OF WASHINGTON
Agriculture & Health Division
2425 Bristol Court SW
PO Box 40109
Olympia, WA 98504-0109
(360) 586-6500